Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Leo G. Spanos, #261837, Staff Attorney
Nima Ghazvini, #254758, Staff Attorney
PO Box 5004
Hayward, CA 94540
(510) 266- 5580
13trustee@oak13.com

# THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| In re | |
|---|---|
| **Caterina Marie Harris** | **Chapter 13 Case No. 19-41406-RLE13** |
| Debtors | Chapter 13 Trustee's Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss or Convert Chapter 13 Case |

## Plan Objection Information

Chapter 13 Trustee Objects To: Second Amended Chapter 13 Plan
Filed: January 10, 2020
Docket#: 62

## Motion To Dismiss Information

☒ Trustee Seeks To Dismiss or Convert the Case

**(See II. Motion To Dismiss Below)**

## Case Information

Petition Filed: June 18, 2019        Attorney Name: GEOFFREY WIGGS ATTY

## I. Objection

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:

### (A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☐ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts:

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims.[11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☐ (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts:

Case: 19-41406   Doc# 68   Filed: 01/13/20   Entered: 01/13/20 15:39:33   Page 2 of 6

2

☑  (7) The plan is not feasible. Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts: Debtor's Plan funds though sale of real property, but Debtor seeks to delay sale for 16 months. This unreasonable delay places all burden of default and/or market fluctuation on creditors. The plan remains unfeasible as Debtor lacks any net income to demonstrate feasibility. Plan payments of $5,200.00 are not sufficient for proposed disbursements: $5,200.00 (plan payment effective 12/2019) < $1,300.00 (attorney fee) + $3,158.30 (mortgage payment) + $853.14 (mortgage payment) + Trustee's statutory fee. Declaration of outside support ($700.00 according to Schedule I) has not been filed.

☐  (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐  (9) The Debtor has not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐  (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☐  (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☐  (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐  (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☐  (14) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts:

☑ (15(a)) Other: Other Feasibility Issues

Facts: In Section 3.07, Debtor seems to have mixed up the payments due to Class 1 creditors: payment to Frankly should be $853.14 and payment to Wells Fargo should be $3,158.30. Debtor seeks to make conduit mortgage payments beginning in December, but in Sections 7.02 and 7.03 indicates that Debtor will raise plan payments effective November 2019. Debtor has yet to file proof of direct mortgage payments for August through November 2019. Debtor has also yet to provide the Trustee with required forms Class 1 Checklist and Authorization to Release Information.

☑ (15(b)) Other: Lack of Sufficient Equity

Facts: Debtor's real property appears to lack sufficient equity to fund a plan through sale alone. It is unclear why Debtor has filed a 60 month plan but proposes only 16 monthly plan payments when that in itlesf will not fund a 100% plan.

### (B) Local Rules and General Orders

☐ (16) Debtor failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after December 1, 2017.

Facts:

☐ (17) Debtor failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts:

☑ (18) The plan provision regarding Debtor's Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts: Debtor's attorney seeks payment of fees pursuant to General Order 35, but has not filed the Statement of Rights and Responsibilities or the Initial Fee Application.

☐ (19) Other:

Facts:

### II. Motion to Dismiss or Convert Chapter 13 Case

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

☑ (1) Unreasonable delay by the Debtor that is prejudicial to creditors.

Facts: Trustee's Motions to Dismiss this case are set for hearing on January 14, 2020.

☐ (2) Payments to the Trustee are not current under the Debtor's proposed plan.

Facts:

☐ (3) Failure to confirm a plan.

Facts:

☐ (4) Failure of the Debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.
Facts:

☐ (5) Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].

Facts:

☒ (6) Other cause: Incomplete Documents or Responses

Facts: Debtor has not provided the Trustee with pay advices or a certification pursuant to Amended General Order 32. Schedule H fails to indicate that Debtor lives in a community property state. Attachment to #8(a), Schedule I, has not been filed. Response to Statement of Finanical Affairs (SOFA) #27 is incomplete: dates of business operation.

### III. Trustee's Recommendation/Analysis

☒ The current plan is not confirmable and an amended plan will be required to be filed.

☐ No confirmable plan can be filed based on the facts of this case.

☐ Other:

**WHEREFORE,** the Trustee requests:

☒ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☒ That the Debtor's case be dismissed or converted.

Such other and further relief as the court deems proper.

Date: January 13, 2020

/s/ Trustee Martha G. Bronitsky
Trustee Martha G. Bronitsky
Chapter 13 Standing Trustee

## Certificate of Service

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 13, 2020

/s/ Colleen Cazadamont

Colleen Cazadamont

Caterina Marie Harris
1429 Legend Ln
Brentwood, CA 94513

Geoffrey Wiggs Atty
1900 S Norfolk St #350
San Mateo, CA 94403

Debtor

(Counsel for Debtor)